*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CORY DANIEL MULLEN,

        Defendant-Appellant.

UNPUBLISHED
April 23, 2019

No. 341165
Oakland Circuit Court
LC No. 2015-255199-FC

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his convictions of first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

## I. BACKGROUND

This case arises out of the death of defendant's girlfriend. Testimony at trial revealed that the victim had been abused by defendant and was attempting to leave him. The victim was shot six times while seated in the driver's seat of her vehicle. Defendant admitted that he was seated in the passenger's seat of the vehicle at the time of the victim's death. Defendant also admitted that he had brought a gun to the vehicle, but claimed that he intended to use the gun to commit suicide. Defendant testified that the victim grabbed the gun from him and accidentally shot herself. According to defendant, he was so distraught by the victim's death that he shot her another five times out of anger. Nonetheless, defendant left the vehicle without calling for any emergency help. Defendant attempted to flee our state by bus, but was apprehended at a bus station.

After he was arrested and charged, defendant claimed an insanity defense. Defendant submitted to three separate psychiatric examinations at the Center for Forensic Psychiatry. Three psychiatrists—Dr. George Daigle, Dr. Richard Rickman, and Dr. Ann Zaborney—opined that defendant was competent to stand trial. The trial court granted defendant's motion for an independent psychiatric examination, and defendant's independent expert, Dr. Gerald Shiener,

opined that defendant was not competent to stand trial. Nevertheless, the trial court found that defendant was competent to stand trial, relying on the other three examinations.

The prosecution requested one final psychiatric examination pertaining to the issue of criminal responsibility, which the trial court granted. Dr. Jack Haynes—another psychiatrist from the Center for Forensic Psychiatry—met with defendant in the Oakland County Jail to perform the examination. Upon learning of Dr. Haynes's reason for meeting with him, defendant grew angry and stated that he would not talk to Dr. Haynes. Dr. Haynes clarified with defendant that defendant was not willing to talk to him. While Dr. Haynes was speaking, defendant's agitation increased, and he verbally threatened Dr. Haynes. As a result, Dr. Haynes could not complete the examination. Due to defendant's noncompliance, the prosecution moved to preclude defendant from presenting an insanity defense. The trial court granted the motion and defendant was ultimately convicted of first-degree premeditated murder and felony-firearm. This appeal followed.

## II. ANALYSIS

On appeal, defendant argues that the trial court abused its discretion by not allowing him to meet with Dr. Haynes for a second time to complete his psychiatric evaluation. We review the trial court's decision to grant or deny a request for psychiatric examination for an abuse of discretion. *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

"Legal insanity is an affirmative defense requiring proof that, as a result of mental illness or being mentally retarded as defined in the mental health code, the defendant lacked 'substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or conform his or her conduct to the requirements of the law.' " *People v Carpenter*, 464 Mich 223, 230-231; 627 NW2d 276 (2001), quoting MCL 768.21a(1). "The defendant has the burden of proving the defense of insanity by a preponderance of the evidence." MCL 768.21a(3).

MCL 768.20a sets forth the procedures governing a defendant's insanity defense. In pertinent part, this section provides:

(1) If a defendant in a felony case proposes to offer in his or her defense testimony to establish his or her insanity at the time of an alleged offense, the defendant shall file and serve upon the court and the prosecuting attorney a notice in writing of his or her intention to assert the defense of insanity not less than 30 days before the date set for the trial of the case, or at such other time as the court directs.

(2) Upon receipt of a notice of an intention to assert the defense of insanity, a court shall order the defendant to undergo an examination relating to his or her claim of insanity by personnel of the center for forensic psychiatry or by other qualified personnel, as applicable, for a period not to exceed 60 days from the date of the order. When the defendant is to be held in jail pending trial, the center or the other qualified personnel may perform the examination in the

jail, or may notify the sheriff to transport the defendant to the center or facility used by the qualified personnel for the examination, and the sheriff shall return the defendant to the jail upon completion of the examination. When the defendant is at liberty pending trial, on bail or otherwise, the defendant shall make himself or herself available for the examination at the place and time established by the center or the other qualified personnel. If the defendant, after being notified of the place and time of the examination, fails to make himself or herself available for the examination, the court may, without a hearing, order his or her commitment to the center.

(3) The defendant may, at his or her own expense, secure an independent psychiatric evaluation by a clinician of his or her choice on the issue of his or her insanity at the time the alleged offense was committed. If the defendant is indigent, the court may, upon showing of good cause, order that the county pay for an independent psychiatric evaluation. The defendant shall notify the prosecuting attorney at least 5 days before the day scheduled for the independent evaluation that he or she intends to secure such an evaluation. The prosecuting attorney may similarly obtain independent psychiatric evaluation. A clinician secured by an indigent defendant is entitled to receive a reasonable fee as approved by the court.

(4) The defendant shall fully cooperate in his or her examination by personnel of the center for forensic psychiatry or by other qualified personnel, and by any other independent examiners for the defense and prosecution. If he or she fails to cooperate, and that failure is established to the satisfaction of the court at a hearing prior to trial, the defendant shall be barred from presenting testimony relating to his or her insanity at the trial of the case. [MCL 768.20a.]

In this case, pursuant to subsection (2), defendant underwent competency testing with Dr. Rickman, competency and criminal responsibility testing with Dr. Daigle, and competency and criminal-responsibility testing with Dr. Zaborney. Additionally, pursuant to subsection (3), defendant underwent competency testing and criminal-responsibility testing with Dr. Shiener. Defendant cooperated with the examinations performed by Dr. Zaborney and Dr. Shiener; however, Dr. Rickman and Dr. Daigle reported that defendant interfered with their assessments by repeatedly attempting to falsify and exaggerate the severity of his mental illness. Indeed, Dr. Rickman administered a Test of Malingered Memory (TOMM) on defendant. The TOMM is a "well validated and widely used measure of attempts to feign memory deficits." The results of defendant's TOMM indicated that there was a high statistical probability that defendant knew the answers to the questions he was being asked and "intentionally chose the incorrect answer much more frequently than would be predicted by chance or random sampling." Dr. Rickman administered several other tests that also indicated that defendant was intentionally falsifying his answers.

Despite failing to cooperate with the examinations performed by Dr. Rickman and Dr. Daigle, at the prosecutor's request, defendant was given another opportunity for an accurate examination, this time with Dr. Haynes. Yet, defendant did not avail himself of this opportunity. Instead, defendant became angry with Dr. Haynes and refused to speak with him. In fact, the

-3-

evaluation was cancelled because defendant's threats made it unsafe for Dr. Haynes to remain with him.

As noted previously, MCL 768.20a(4) bars a defendant from presenting testimony relating to his insanity if he fails to cooperate with a psychological evaluation. Here, defendant failed to cooperate with three psychological evaluations. Twice defendant feigned insanity. When that strategy did not pan out, defendant resorted to threatening the examiner. Defendant's three failed attempts to cooperate with his psychological examinations were more than sufficient for the trial court to bar him from presenting an insanity defense.

Despite his previous failures to cooperate, defendant contends that the trial court should have permitted him one final opportunity to cooperate with a psychiatric examination. Indeed, defendant argues that *People v Hayes*, 421 Mich 271; 364 NW2d 635 (1984), directs such a result. We disagree. In *Hayes*, the trial court awarded the defendant another attempt to cooperate with a psychiatric examination after the defendant had failed to cooperate with two previous examinations. *Id*. at 276. Our Supreme Court affirmed the trial court's order precluding the defendant from presenting an insanity defense after the defendant failed to cooperate with this additional examination. *Id*. at 276, 288. Nowhere in *Hayes*, however, did our Supreme Court *require* trial courts to grant defendants additional opportunities to cooperate. Rather, the decision whether to grant an additional opportunity to cooperate is entrusted to the trial court, and we review that decision for an abuse of discretion. "At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). Where defendant has failed to cooperate with three separate examinations, we cannot conclude that the trial court abused its discretion by refusing to offer defendant yet another opportunity to cooperate.

Finally, defendant argues that denying him a second opportunity to submit to a psychiatric evaluation with Dr. Haynes deprives him of the right to present a defense. Our Supreme Court has already addressed this question and has concluded that the procedure set forth in MCL 768.20a(4) do "not unconstitutionally infringe on a defendant's right to present a defense." *Hayes*, 421 Mich at 283. Accordingly, by failing to cooperate with the psychological examinations, defendant relinquished any right to present an insanity defense. *Id*.

Affirmed.


/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher

-4-